Rumaldo Portillo RODRIGUEZ; Sandra Ariscelli Arandando Acosta; Carla Yvette Martinez Arandando, Petitioners,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–71621.

United States Court of Appeals, Ninth Circuit.

Submitted June 4, 2007.*

Filed June 27, 2007.

Eric G. Bjotvedt, Esq., Law Office of Eric Bjotvedt, Phoenix, AZ, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Kurt B. Larson, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, T.G. NELSON and RYMER, Circuit Judges.

MEMORANDUM **

Rumaldo Portillo Rodriguez, Sandra Ariscelli Arandando Acosta, and Carla Yvette

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Martinez Arandando seek review of an order of the Board of Immigration Appeals upholding an immigration judge's order denying their application for cancellation of removal. We dismiss the petition for review.

We lack jurisdiction to review the discretionary determination that an applicant has failed to show exceptional and extremely unusual hardship to a qualifying relative, *see Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003), and petitioners do not raise a colorable due process claim, *see Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction").

**PETITION FOR REVIEW DISMISSED.**

We lack jurisdiction to review the discretionary determination that an applicant has failed to show exceptional and extremely unusual hardship to a qualifying relative, *see Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003), and Vasquez–Cardonas does not raise a colorable due process claim, *see Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction").

**PETITION FOR REVIEW DISMISSED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.